# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE E. STONE, Santa Clara County Assessor; JEANETTE TONINI, Senior Assessment Clerk; JEFFERY ROSEN, District Attorney, Santa Clara County; and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No. 20-cv-00230-BLF<br><br>**ORDER (1) DIRECTING CLERK TO TERMINATE CERTAIN DEFENDANTS; (2) DIRECTING PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED AGAINST DEFENDANT TONINI; (3) ADVISING PLAINTIFF THAT FAILURE TO EFFECT SERVICE OF PROCESS ON DEFENDANT ROSEN WILL RESULT IN DISMISSAL DEFENDANT ROSEN; (4) VACATING APRIL 2, 2020 HEARING ON MOTION TO DISMISS FILED BY DEFENDANTS COUNTY AND STONE AND GRANTING MOTION WITHOUT LEAVE TO AMEND; AND (5) VACATING APRIL 2, 2020 INITIAL CASE MANAGEMENT CONFERENCE** |

**I.     INTRODUCTION**

Plaintiff Kuang-Bao P. Ou-Young, proceeding *pro se*, filed the complaint in this action in the Santa Clara County Superior Court on December 10, 2019. *See* Notice of Removal Exh. A, ECF 1-1. The complaint contains three claims. The first claim, for "Unreasonable Seizures," alleges that Defendants County of Santa Clara ("County"), County Assessor Lawrence E. Stone ("Stone"), and Senior Assessment Clerk Jeanette Tonini ("Tonini"), and District Attorney Jeffery Rosen ("Rosen") colluded to deprive Plaintiff of the Fourth Amendment right against

United States District Court
Northern District of California

1 unreasonable seizures by terminating a homeowner's exemption in order to illegally raise

2 Plaintiff's property taxes. The second and third claims, both for "Conspiracy," are asserted

3 against numerous federal and local officials and employees.

4 On January 10, 2020, the United States Attorney's Office, on behalf of the federal

5 defendants, removed the action to federal district court. *See* Notice of Removal, ECF 1. Upon

6 removal, the complaint was subject to pre-filing review by the district's General Duty Judge

7 pursuant to vexatious litigant orders issued by judges in this district. *See* Order Re Pre-Filing

8 Review, ECF 11. The General Duty Judge dismissed the second and third claims with prejudice

9 and directed the Clerk to accept the complaint for filing only as to the first claim. *See id.*

10 The case was filed and then reassigned to the undersigned judge as related to an earlier

11 filed action, *Kuang-Bao Paul Ou-Young v. Lawrence Stone, et al.*, Case No. 19-cv-07000-BLF.

12 *See* Order Relating Cases, ECF 15. The latter case since has been closed.

## II. DEFENDANTS NAMED ONLY IN CLAIMS 2 AND 3 SHALL BE TERMINATED

14 Because the General Duty Judge dismissed the second and third claims with prejudice, the

15 Clerk SHALL TERMINATE the following Defendants, who are named only in the dismissed

16 second and third claims:

17 James R. Williams, County Counsel, Santa Clara County;

18 Karla Sandoval, Deputy County Counsel, Santa Clara County;

19 Karan S. Dhadialla, Deputy County Counsel, Santa Clara County;

20 Beth Labson Freeman, District Judge;

21 Susan Y. Soong, Clerk;

22 Tiffany Salinas-Harwell, Deputy Clerk;

23 Adriana M. Kratzmann, Deputy Clerk;

24 William P. Barr, United States Attorney General;

25 David L. Anderson, United States Attorney General;

26 Sara Winslow, Assistant United States Attorney; and

27 James A. Scharf, Assistant United States Attorney.

28

**III. ORDER TO SHOW CAUSE RE DEFENDANT TONINI**

Defendant Tonini has not appeared, and there is no indication on the docket that she has been served with process. Defendants County and Stone represent in their current motion to dismiss that Ms. Tonini is deceased. *See* Motion to Dismiss at p. 3, n. 1, ECF 18. Plaintiff is ORDERED TO SHOW CAUSE, in writing and within fourteen days, why the action should not be dismissed against Defendant Tonini.

**IV. SERVICE OF PROCESS ON DEFENDANT ROSEN**

Defendant Rosen has not appeared, and there is no indication on the docket that he has been served. Plaintiff is reminded that he must effect service of process on Defendant Rosen within 90 days after removal of the action. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) ("The Federal Rules of Civil Procedure govern service of process in federal court, see Fed. R. Civ. P. 4, and apply to a civil action after removal."). Failure to effect service of process on Defendant Rosen within 90 days after removal, or by April 9, 2020, WILL RESULT IN DISMISSAL of Defendant Rosen from the action.

**V. DEFENDANTS COUNTY AND STONE ARE DISMISSED**

The two remaining Defendants, County and Stone, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 18, 2020. *See* Motion to Dismiss, ECF 18. The docket reflects that the motion was served on Plaintiff by mail at his address of record February 18, 2020. *See* COS, ECF 18-2. Pursuant to this Court's Civil Local Rules, the deadline for filing opposition to the motion was 14 days later, on March 3, 2020. *See* Civ. L.R. 7-3(a) ("The opposition must be filed and served not more than 14 days after the motion was filed."). The Civil Local Rules provide that "Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline." Civ. L.R. 7-3(a). On March 10, 2020, Defendants County and Stone filed a Notice of Non-Opposition, stating that any opposition to their motion to dismiss was due on March 3, 2020 and none has been filed.

1 *See* Notice of Non-Opposition, ECF 19.

2 The Court finds that the motion to dismiss is appropriate for decision without oral argument, and it hereby VACATES the hearing set for April 2, 2020. The motion to dismiss filed by Defendants County and Stone is GRANTED WITHOUT LEAVE TO AMEND for the reasons discussed below.

### A. Legal Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"A *pro se* complaint must be liberally construed, since a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) (internal quotation marks and citation omitted).

When evaluating a Rule 12(b)(6) motion, the district court must consider the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice. *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### B. Discussion

As relevant to the sole remaining claim, Claim 1 for Unreasonable Seizures, Plaintiff alleges the following facts: On June 15, 2016, Plaintiff's spouse transferred her interest in their residence to Plaintiff. Compl. ¶ 18. The Interspousal Transfer Grant Deed states, "This is an Interspousal Transfer, and not a change in ownership under Section 63 of the Revenue and

4

Taxation Code, and transfer by Grantor(s) is excluded from reappraisal as a creation, transfer, or termination, solely between the spouses of any co-owner's interest." Compl. Claim 1.

On June 17, 2016, Defendant Rosen sent a letter to Plaintiff questioning if the transfer represented real estate fraud. Compl. ¶ 19. The Santa Clara County Assessor's Office then terminated Plaintiff's homeowners' exemption. Compl. ¶ 20. The County Assessor's Office has declined to restore the homeowner's exemption. Compl. ¶ 21. The County Assessor's Office terminated the homeowner's exemption in order to illegally raise Plaintiff's property tax. Compl. Claim 1. "[A]ssessor Stone, clerk Tonini, DA Rosen, and Santa Clara County have colluded to deprive plaintiff of the Fourth Amendment right against unreasonable seizures." Compl. Claim 1. Although the complaint does not make specific reference to 42 U.S.C. § 1983, the Court liberally construes the complaint to allege a § 1983 claim for violation of Plaintiff's Fourth Amendment Rights.

Defendants County and Stone move to dismiss Plaintiff's § 1983 claim on the bases that: (1) Plaintiff has not alleged that the alleged constitutional violation was pursuant to a policy maintained by the County; (2) Plaintiff has not alleged Stone's personal participation in the asserted constitutional violation; and (3) the claim is barred by the Tax Injunction Act.

### 1. County

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove (1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks, citation, and alterations omitted). Plaintiff has not alleged that the termination of his homeowner's exemption was pursuant to a policy maintained by the County.

Plaintiff therefore has failed to state a claim for relief against the County.

5

### 2. Stone

"Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "There is no *respondeat superior* liability under section 1983." *Id*. Plaintiff has not alleged any personal participation by Defendant Stone in the termination of Plaintiff's homeowner's exemption. The sole allegation of personal participation is a conclusory statement that Stone "conspired to deprive plaintiff of the Fourth Amendment right against unreasonable seizures." Compl. at 3. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Accordingly, Plaintiff has failed to state a claim for relief against Stone.

### 3. Tax Injunction Act

Defendants County and Stone also assert that Plaintiff's claim is barred by the Tax Injunction Act. The Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "When applicable, the Act prohibits both declaratory and injunctive relief, as well as § 1983 suits for damages." *Lowe v. Washoe Cty.*, 627 F.3d 1151, 1155 (9th Cir. 2010) (citations omitted). In *Lowe*, landowners brought a § 1983 action against a county, county assessor, and county treasurer, challenging the valuation of their real property used to calculate ad valorem property taxes. *See Lowe*, 627 F.3d at 1153. The Ninth Circuit found the action to be barred by the Tax Injunction Act after determining that "Nevada's administrative and judicial review process provides an effective and adequate means by which a dissatisfied taxpayer may contest his property valuation." *Id*. at 1156. The Ninth Circuit noted that "[i]f a 'plain, speedy and efficient remedy' is not available in state court, a federal district court may exercise jurisdiction over a party's challenge to a state tax." *Lowe*, 627 F.3d at 1155. However, federal courts must construe that exception to the Act narrowly. *See id.* "For the Act's jurisdictional prohibition to apply, the state court remedy need only meet certain minimal procedural criteria." *Id*. *Id*. (internal quotation marks and citation omitted). A state court remedy is plain, speedy and efficient "if it provides the taxpayer with a full hearing and

6

judicial determination at which she may raise any and all constitutional objections to the tax." *Grace Brethren Church*, 457 U.S. at 413-14.

Plaintiff's claim, based on the termination of his homeowner's exemption and increase in his property taxes, appears to fall squarely within the bar raised by the Tax Injunction Act. Plaintiff has not alleged that he lacks a plain, speedy, and efficient state court remedy for his Fourth Amendment claim based on termination of his homeowner's exemption and increase in property taxes.

Plaintiff's claim therefore appears to be barred by the Tax Injunction Act.

### 4. Dismissal Without Leave to Amend is Appropriate

For the reasons discussed above, Claim 1 as asserted against Defendants County and Stone is subject to dismissal. The Court therefore must decide whether leave to amend is warranted. Leave ordinarily must be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors).

Undue delay (factor 1) and repeated failures to cure deficiencies (factor 3) are not at issue in this case, because Defendants' motion is directed to the original complaint. However, Plaintiff appears to be acting in bad faith (factor 2) by repeatedly filing the same Fourth Amendment claim against Defendants County, Stone, and others. Plaintiff filed three separate actions asserting substantially the same Fourth Amendment claim based on termination of his homeowner's exemption within a period of two months: *Kuang-Bao Paul Ou-Young v. Lawrence Stone, et al.*, Case No. 19-cv-07000-BLF, which was filed in the Santa Clara County Superior Court on October 17, 2019 and removed to federal district court; *Kuang-Bao Paul Ou-Young v. Lawrence Stone, et al.*, Case No. 19-cv-07231-BLF, which was filed in federal district court on November 1, 2019; and the present case, which was filed in the Santa Clara County Superior Court on December 10, 2019 and removed to federal district court. Case Nos. 19-cv-07000 and 19-cv-07231 were consolidated, after which the Court granted a Rule 12(b)(6) motion to dismiss with leave to

amend. Plaintiff failed to amend his pleading, and the Court dismissed that case on February 26, 2020. Plaintiff has failed to oppose the Rule 12(b)(6) motion to dismiss filed by Defendants County and Stone in this case. The Court finds that Plaintiff's conduct suggests that he is acting in bad faith, to harass Defendants County and Stone and the courts. Requiring Defendants County and Stone to continue litigating this action would impose undue prejudice on them (factor 4), particularly where it is clear that amendment would be futile (factor 5).

For the foregoing reasons, the motion to dismiss brought by Defendants County and Stone is GRANTED WITHOUT LEAVE TO AMEND.

## VI. THE INITIAL CASE MANAGEMENT CONFERENCE IS VACATED

Given the procedural posture of the case, as discussed above, the Court will VACATE the Initial Case Management Conference set for April 2, 2020.

## VII. ORDER

(1) The Clerk SHALL TERMINATE those Defendants named only in Claims 2 and 3, as listed in Section II of this Order;

(2) Plaintiff is ORDERED TO SHOW CAUSE, in writing and on or before April 1, 2020, why the action should not be dismissed against Defendant Tonini;

(3) Plaintiff is advised that failure to effect service of process on Defendant Rosen as required under Federal Rule of Civil Procedure 4(m) will result in dismissal of the action against Defendant Rosen;

(4) The April 2, 2020 hearing on the motion to dismiss filed by Defendants County and Stone is VACATED, and the motion is GRANTED WITHOUT LEAVE TO AMEND;

(5) The April 2, 2020 Initial Case Management Conference is VACATED; and

(6) This Order terminates ECF 18.

Dated: March 18, 2020

_____
BETH LABSON FREEMAN
United States District Judge